UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------x
                                          :
                                          :
DEBBY DELUCA,                             :
                                          :
                     Plaintiff,           :     12 Civ. 8239 (TPG)
                                          :
           v.                             :     OPINION
                                          :
SIRIUS XM RADIO, INC.,                    :
                                          :
                     Defendant.           :
                                          :
                                          :
------------------------------------------x
```

Before the court is plaintiff Debby DeLuca's ("plaintiff") motion for leave to amend the complaint. Defendant Sirius XM Radio, Inc. ("defendant") opposes the motion, arguing that the proposed amendment has been unduly delayed and would prejudice defendant.

For the reasons discussed below, the motion to amend is granted.

## **BACKGROUND**

Since 2000, plaintiff has worked for defendant, primarily as a radio producer. In January 2012, plaintiff filed complaints against defendant with both the New York State Division of Human Rights and the New York City Commission on Human Rights, alleging disparate treatment in the workplace on the basis of gender and sexual orientation. These administrative charges were dismissed in August and September 2012.

1

On November 13, 2012, plaintiff, represented by counsel, filed an 85-page, 382-paragraph complaint in this court, alleging 11 different causes of action: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) gender and sexual orientation discrimination in violation of the New York City Human Rights Law; (3) gender and sexual orientation discrimination in violation of the New York State Human Rights Law; (4) violation of the Equal Pay Act; (5) violation of the New York Equal Pay Act; (6) retaliation in violation of Title VII; (7) retaliation in violation of the New York City Human Rights Law; (8) retaliation in violation of the New York State Human Rights Law; (9) retaliation in violation of the New York Labor Law; (10) violation of the Fair Labor Standards Act overtime provision; and (11) violation of the New York Labor Law overtime provision. To support these causes of action, plaintiff claims, among other examples, that she was paid less than her male peers, that she was stripped of her supervisory authority, and that she was subjected to anti-gay slurs in the workplace.

Defendant answered the complaint on January 22, 2013. The case was then referred to mediation, and an ultimately unsuccessful mediation session was held on April 12, 2013. The parties began discovery in September 2014, exchanging interrogatories and document requests.

On September 30, 2014, plaintiff filed the instant motion to amend. Plaintiff moves to amend two paragraphs in the original complaint. First, plaintiff seeks to insert an additional sentence into Paragraph 75, to add

plaintiff's recollection of a conversation with her supervisor regarding the relation of plaintiff's gender to her pay disparity.  Second, plaintiff seeks to expand Paragraph 274 into new Paragraphs 274 and 274-a, in an attempt to ensure that the complaint will include an explicit "hostile work environment" claim, as opposed to a merely implicit hostile work environment claim based on the previously alleged acts of discrimination.

Defendant opposes plaintiff's motion.  Defendant claims that plaintiff's nearly two-year delay in proposing to amend the complaint constitutes undue delay.  Defendant argues that the proposed amendments are predicated on facts that plaintiff knew or should have known before the original complaint was filed in November 2012.  Defendant further argues that allowing plaintiff to plead an explicit hostile work environment claim will grant plaintiff a proverbial second bite at the apple—particularly because plaintiff neglected to indicate that "harassment" was a basis for her administrative claim to the New York State Division of Human Rights.  Finally, defendant argues that allowing plaintiff to amend the pleadings would prejudice defendant by forcing it to promulgate additional interrogatories and document requests in discovery.

## DISCUSSION

The Federal Rules of Civil Procedure allow a party to amend its pleading once as a matter of course within 21 of serving it. Fed. R. Civ. P. 15(a)(1).  After 21 days have elapsed, the party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

n/a
n/a

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007).  However, leave should not be granted where the amendment is unduly delayed or brought in bad faith, where it would prejudice the opposing party, or where it would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Delay alone is generally insufficient to justify denial of a motion to amend the pleadings.  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000); *see also State Teachers Retirement Board* v. *Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.")  While the length of delay and the reason for it are relevant in determining whether to grant leave to amend, the most crucial question is whether doing so would prejudice the nonmoving party.  *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010); *Youngbloods v. BMG Music,* No. 07-Civ-2394 (GBD)(KNF), 2011 WL 43510, at *8 (S.D.N.Y. Jan. 6, 2011).  In determining prejudice, the court will consider whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

timely action in another jurisdiction." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993).

In the instant case, plaintiff delayed approximately 21 months after defendant's answer before filing her motion to amend. And, it may be true that the facts included in the proposed amendment were known to plaintiff before the filing of the original complaint, and could have been included in the original complaint. Nevertheless, plaintiff's delay appears to have been inadvertent and lacking any dilatory motive. There is nothing in the record to suggest that plaintiff delayed in order to gain a tactical advantage in the litigation, or in anticipation of an adverse ruling on her original claims.

Moreover, this is not a case where the proposed amendment comes on the eve of trial or after the close of discovery, and would result in new problems of proof. *See, e. g., Lyondell-Citgo Ref., LP v. Petroleos De Venezuela S.A.*, No. 02 CIV.0795 CBM AJP, 2004 WL 2650884, at *1-3 (S.D.N.Y. Nov. 22, 2004) *aff'd sub nom. Lyondell-Citgo Ref., L.P. v. Petroleos De Venezuela, S.A.*, No. 02 CIV. 0795 (CBM), 2005 WL 883485 (S.D.N.Y. Apr. 14, 2005) (denying motion to amend the pleadings after the close of discovery and the filing of motions for summary judgment). At the time plaintiff requested leave to amend, no trial date had been set by the court, and no motions to dismiss or for summary judgment had been filed. Additionally, discovery has only recently begun, and it appears that any additional discovery required by the amendment will be

limited in scope. In these circumstances, the court finds that granting plaintiff leave to amend would not cause unreasonable prejudice to defendant.

Finally, defendant argues that the original complaint does not plead sufficient facts to sustain a "hostile work environment" claim, and does not provide defendant with "fair notice of the factual grounds" supporting plaintiff's claim. Dkt. No. 9 at 5. Defendant appears to argue that the proposed amendment regarding plaintiff's hostile work environment claim should be denied as futile, or as previously waived by plaintiff in her administrative complaint before the New York State Division of Human Rights. However, the court is not convinced, based on the parties' submissions on this motion, that defendant has met its burden to show that the proposed amendment is futile, or that the hostile work environment was previously waived. Defendant is free to make such arguments regarding the hostile work environment claim if and when it files a motion to dismiss the amended complaint.

## **CONCLUSION**

In light of the liberal standards for amending the pleadings, plaintiff's motion for leave to file an amended complaint is granted. This opinion resolves the motion listed as docket item 7.

So ordered.

Dated: New York, New York
December 4, 2014

_Thomas P. Griesa_
Thomas P. Griesa
U.S. District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/2014
```