UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBBY DELUCA

                Plaintiff,

   v.

SIRIUS XM RADIO, INC.

                Defendant.

No. 12-cv-8239

**OPINION & ORDER**

---

     The parties in the above-captioned matter appeared for a pre-trial conference on May 23, 2016. At that conference, the parties discussed, inter alia, plaintiff's letter motion to compel, which was filed shortly before the conference. See ECF No. 31. After considering the parties' positions and for the reasons set forth below, the court grants in part and denies in part plaintiff's letter motion to compel discovery and orders defendant to produce discovery consistent with this opinion.

## Background

     Plaintiff Debby DeLuca brought the instant action in November 2012 against her employer, Sirius XM Radio, Inc., alleging eleven different causes of action relating to allegations of gender and sexual orientation discrimination in the workplace. Plaintiff claims that she was paid less than her male peers, that

she was removed from her supervisory authority, and that she was subjected to anti-gay slurs in the workplace. She seeks back pay, front pay, lost benefits, compensatory damages, as well as liquidated damages and punitive damages, as applicable, under Title VII, the Fair Labor Standards Act, the New York State Human Rights Law, the New York City Human Rights Law, and the New York Labor Law.

In July 2000, Plaintiff was hired as a production assistant at defendant Sirius XM Radio. Am. Compl. ¶ 36. She was promoted to the position of imaging producer in early 2001. Id. ¶ 41. At that time, she was the only female imaging producer in the music department and all other imaging producers were male, see id. ¶ 39. Part of plaintiff's complaint relies on her allegation that she was compensated at a lower rate than her male counterparts as of the time she was promoted in 2001. Id. ¶¶ 46–52.

Accordingly, plaintiff has asked defendant to produce in discovery certain information about defendant's employees from the year 2000, when plaintiff began working at Sirius XM Radio, to present. See ECF No. 28 Ex. 2 (listing plaintiff's document requests). Defendant has produced information from the year 2006 to present but has declined—albeit without formally objecting pursuant to Federal Rule of Civil Procedure 34—to produce documents from 2000 onward. ECF No. 30. Plaintiff moved to compel discovery. ECF No. 28.

## Discussion

Management of discovery lies within the province of the district court, which has "wide discretion in its handling of pre-trial discovery." In re DG

Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998). In resolving discovery disputes, the court is guided by the standards supplied by Federal Rule of Civil Procedure 26(b), which courts construe broadly. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, (1978).

In the context of employment discrimination cases, of which this case is one, courts typically apply more "liberal civil discovery rules," giving plaintiffs "broad access to employers' records in an effort to document their claims." Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657 (1989), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102–166, 105 Stat. 1074. Courts have noted that, in such cases, "the scope of discovery must go beyond the specifics of the plaintiff's claim." Chan v. NYU Downtown Hosp., No. 03-cv-3003, 2004 WL 1886009, at *4 (S.D.N.Y. Aug. 23, 2004).

In this case, plaintiff argues that she needs "Potential Comparator" information from the beginning of her career at Sirius XM Radio in order to establish that, from the outset, she was paid at a lower rate than her male peers. Defendant responds by simply contending plaintiff is not entitled to discovery outside of the period of statute of limitations—in this case, 2006. See ECF No. 30.

The court finds that defendant's position is without merit, and that the information plaintiff seeks from 2001 to present is likely to reveal information that is relevant to plaintiff's discrimination claims. Specifically, the court finds that the information sought will aid in understanding whether or to what extent plaintiff started off and continued at a lower pay rate than her male peers.

The court also finds that the specific discovery plaintiff seeks—consisting of documents outside of the relevant statute of limitations that may show a pattern of pay disparity that began when plaintiff was promoted—is both reasonable and rests squarely within Second Circuit precedent. In an Equal Pay Act case involving alleged payment of unequal wages to employees on the basis of sex, the Second Circuit observed the relevance of establishing comparators as of the time that the "initial pay differential" was created. See Jamilik v. Yale Univ., 362 F. App'x 148, 150 (2d Cir. 2009). This reasoning flows from the logical inference that, if, at the time of her promotion, plaintiff was given a lower salary than her male counterparts because of her gender or sexual orientation, then there are grounds to believe that the salary gap between plaintiff and her male counterparts persisted throughout plaintiff's employ.

However, the court declines to grant plaintiff discovery back to the year 2000. The complaint alleges that Sirius XM Radio engaged in pay discrimination when she began as an imaging producer, not when she first began working at Sirius XM Radio. The complaint in this case is about the alleged disparities in wages, benefits, and treatment between DeLuca and her male producer counterparts, not her male assistant producer counterparts in 2000. The relevant time period therefore began when DeLuca became a producer in February 2001.

## Conclusion

Pursuant to the foregoing, the court grants plaintiff's motion to compel discovery from 2001 to present as to the discovery categories relating to

"Potential Comparators" provided in ECF No. 28 Ex. 2. This resolves ECF No. 28 on the docket.

SO ORDERED.

Dated: New York, New York
May 27, 2016

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/16

5