UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/2016

DEBBY DELUCA

                Plaintiff,

      v.

SIRIUS XM RADIO, INC.

                Defendant.

No. 12-cv-8239

**OPINION & ORDER**

       This Court issued a case management order on June 29, 2016, which required the parties in the above-captioned matter to file any dispositive motions by September 1, 2016. On September 1, 2016, plaintiff filed a notice of motion for partial summary judgment ("Notice of Motion") and a memorandum of law in support of plaintiff's motion for partial summary judgment ("Memorandum"). Plaintiff's counsel, however, failed to timely file other portions of plaintiff's summary judgment materials. *See* ECF Nos. 53–55.

       On September 6, 2016, plaintiff's counsel filed a letter motion requesting that this Court excuse the late filings. ECF No. 56. For the reasons discussed below, the Court grants plaintiff's request to excuse her untimely motion for summary judgment.

## Discussion

The parties' dispute involves two central inquiries. First, the Court must decide whether plaintiff's Notice of Motion included a timely request for an extension of time to file her motion for summary judgment pursuant to Federal Rule of Civil Procedure 6(b)(1)(A). Second, if plaintiff did not so timely request, the Court must decide whether plaintiff's failure to file may be overlooked as a product of "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B).

### I. Whether Plaintiff Requested an Extension of Time Prior to the Deadline

Plaintiff's counsel argues that the Notice of Motion included a request for extension of time to file dispositive motions *before* the September 1 deadline had expired. *See* ECF No. 56. Courts have broad discretion to grant extensions of time when parties make such requests "before the original time" expires. Fed R. Civ. P. 6(b)(1)(A); *see also Choi v. Chem. Bank*, 939 F. Supp. 304, 309 (S.D.N.Y. 1996).

Plaintiff's Notice of Motion, however, did not include a request for an extension of time to file dispositive motions. It states, in relevant part:

> In light of the confidentiality order entered in this case, Plaintiff also respectfully requests permission to temporarily file the accompanying materials (other than the Memorandum of Law) under seal, until the Court determines (as Plaintiff believes it will) that the materials should be refiled *not* under seal.

ECF No. 51. The Court cannot reasonably construe this as a request to grant an extension of time to file dispositive motions. Rather, plaintiff's Notice of Motion requests permission to file an unredacted version of her summary judgment

materials after a redacted version of those same materials had been *timely* filed. Thus, Federal Rule of Civil Procedure 6(b)(1)(A) does not govern this issue and plaintiff will therefore have to demonstrate that her counsel's failure to timely file was a result of "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B).

## II. Whether Plaintiff's Conduct Constitutes "Excusable Neglect"

Although plaintiff failed to meet this Court's deadline for filing dispositive motions, her untimeliness may be excused if the Court nevertheless finds "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B). Courts consider four factors in determining whether excusable neglect exists: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith. *Tancredi v. Metro Life Ins. Co.*, 378 F.3d 200, 227–28 (2d Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Although the Supreme Court stated in *Pioneer* that excusable neglect is an "elastic concept," 507 U.S. at 392, the Second Circuit has taken a "hard line" approach in applying this standard. For example, the Second Circuit has repeatedly held that "delay attributable solely to a [party's] failure to act with diligence cannot be 'characterized as excusable neglect.'" *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83–84 (2d Cir. 2013) (citing *Dominguez v. United States*, 583 F.2d 615, 617 (2d Cir. 1978)).

3

In this case, plaintiff argues that her neglect was caused, at least in part, by defendant's production of inaccurate salary data during discovery. The parties entered into a confidentiality agreement on February 27, 2014 ("Confidentiality Agreement") that requires each party to obtain consent before filing any documents marked as "Confidential." If the filing party cannot obtain consent, she may file the confidential document under seal and/or in a redacted form. Plaintiff alleges that defendant's inaccurate salary data necessitated that her counsel file corrective data as exhibits to her motion for partial summary judgment. Plaintiff's counsel did not realize this corrective data was marked as "Confidential" until several hours before the September 1 filing deadline. Believing that it was too late to obtain defendant's consent, plaintiff's counsel began redacting the confidential documents but did not complete this lengthy process until "a few hours after" the deadline had passed.

These facts suggest that plaintiff's delay was not *solely* attributable to her or her counsel's neglect. Therefore, the Court grants plaintiff's motion to excuse the late filing of portions of her motion for partial summary judgment. The Court further grants plaintiff's request to file on ECF, in unredacted form, those portions of plaintiff's partial summary judgment that were previously filed in redacted form. Plaintiff shall file these unredacted documents by September 28, 2016. Defendant shall file responses, if any, to plaintiff's motion for partial summary judgment by October 14, 2016.

SO ORDERED.

Dated: New York, New York
       September 22, 2016

_____
Thomas P. Griesa
United States District Judge